IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY RIDDLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 1:12-cv-787-WC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

## I.   INTRODUCTION

Plaintiff, Timothy Riddle, protectively applied for child insurance benefits, disability insurance benefits, and supplemental security income. His application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision in which she found Plaintiff not disabled at any time through the date of the decision. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review under 42 U.S.C. §

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 7); Def.'s Consent to Jurisdiction (Doc. 6). Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.     STANDARD OF REVIEW

An applicant for childhood disability benefits ("CDB") has the burden of proving their eligibility by establishing several factors. First, the applicant must prove they are under a disability, as defined by § 216(I) and § 223(d) of the Social Security Act. 42 U.S.C. § 402(d)(1). Second, the applicant must be a child of the wage earner under whose insurance they are applying. *Id*. The applicant must be under the age of 18, or under a disability before they reach the age of 22. 42 U.S.C. § 402(d)(1)(B). Finally, the applicant must prove they were dependent on the wage earner under whose insurance they are claiming. 20 C.F.R. § 404.350.

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[1]

---

[1]     A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[2]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at

---

[2]   *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*. at 1239.  To do this, the ALJ can either use the Medical Vocational Guidelines[3] (grids) or call a vocational expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.  Each factor can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.

The court's review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); s*ee also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must

---

[3] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. ADMINISTRATIVE PROCEEDINGS

Plaintiff had not attained the age of 22 as of October 1, 2006, the alleged onset date. Tr. 16. Plaintiff previously worked as a kitchen helper and industrial cleaner. Tr. 23. Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 16. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "borderline intellectual functioning; attention deficit/hyperactivity disorder ('ADHD'); mood disorder and psychotic disorder." Tr. 17. The ALJ then found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (Step 3) *Id*. Next, the ALJ found that Plaintiff

> has the residual functional capacity to perform a full range of work at all exertional levels but the claimant is limited to work which will only require the claimant to: perform simple, routine, repetitive tasks; maintain attention and concentration for up to 2 hours at [a] time (with normal breaks throughout the workday); have brief, superficial contact with the public; work independently (although he can work in close proximity to

others); have supportive, non-threatening supervision; and adapt to minimal changes in the work setting.

Tr. 19.  The ALJ then found that Plaintiff "has been capable of performing past relevant work as a kitchen helper and/or industrial cleaner," as such work "does not require performance of work-related activities precluded by [Plaintiff]'s [RFC]."  (Step 4) Tr. 23.  Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from October 1, 2006, through the date of this decision."  Tr. 24.

## IV.   PLAINTIFF'S CLAIMS

Plaintiff presents three issues for this court's consideration in review of the ALJ's decision:  (1) whether the Commissioner's decision should be reversed because "the ALJ failed to comply with [SSRs] 82-59 and 96-7 in finding that Plaintiff has been non-compliant with prescribed treatment"; (2) whether the Commissioner's decision should be reversed because "the ALJ failed to consider the Global Assessment of Functioning (GAF) scores assigned to Plaintiff by his treating and examining medical sources"; and (3) whether the Commissioner's decision should be reversed because "the Vocational Expert's (VE's) testimony conflicted with the Dictionary of Occupational Titles (DOT), and the ALJ failed to resolve the conflict, as required by SSR 00-4p."  Pl.'s Br. (Doc. 16) at 7.  The court will address each argument below.

## V.   DISCUSSION

### A.   Whether the ALJ failed to comply with SSR 82-59 and 96-7 in finding that Plaintiff has been non-compliant with prescribed treatment.

Plaintiff argues the ALJ erred by not considering the "valid justifications" of Plaintiff's noncompliance with treatment, "including psychological impairments, borderline intellectual functioning and side effects of medications," as is required by SSRs 82-59 and 96-7.  Pl.'s Br. (Doc. 13) at 5.  Plaintiff asserts "[t]he ALJ stated that she couldn't find [Plaintiff] disabled because of non-compliance with prescribed treatment." *Id.*  If the ALJ ended his statement there, it likely would be error.  However, Plaintiff has cut this quote short.  The ALJ's full statement was "Furthermore, because [Plaintiff] is non-compliant with prescribed treatment, the [ALJ] could not find [Plaintiff] to be disabled **(even if his impairments were otherwise disabling, which they are not**)."  Tr. 23 (emphasis added).

Under SSRs 82-59 and 96-7, an ALJ is required to consider whether a claimant has "justifiable cause" to excuse a finding of noncompliance with prescribed treatment and whether the prescribed treatment would have made the claimant capable of maintaining employment; however, these SSRs "only apply to claimants who would otherwise be disabled within the meaning of the Act." *Mack v. Comm'r of Soc. Sec.*, 420 F. App'x 881, 883 (11th Cir. 2011) (unpublished).  Further, Plaintiff's reliance upon *Dawkins v. Bowen*, 848 F.2d 1211 (11th Cir. 1988), as support for the ALJ's alleged error is misguided.  In *Dawkins*, the Eleventh Circuit remanded a case to the ALJ to determine

7

"whether appellant was disabled, without reference to her failure to follow prescribed medical treatment."  420 F. App'x at 1214.  The *Dawkins* court then specified, "**if the ALJ determines that [the claimant] is disabled**," the ALJ must then consider whether good cause excused any noncompliance.  *Id.* (emphasis added).  In  other words, a finding of disability serves as the trigger to the applicability of SSRs 82-59 and 96-7.

Here, the ALJ did not deny Plaintiff benefits on the basis of non-compliance. Rather, it is clear that the ALJ determined Plaintiff did not qualify as disabled, with or without the non-compliance.  Therefore, SSRs 82-59 and 96-7 were never triggered as to Plaintiff, and Plaintiff's argument that the ALJ did not comply with those rulings fails.

### B. Whether the ALJ failed to consider the GAF scores assigned to Plaintiff by his treating source.

Plaintiff argues that the ALJ failed to properly consider the many GAF scores assigned to Plaintiff by his treating source and the Consultative Examiner (CE). Specifically, Plaintiff asserts, "Over the relevant time period of treatment, [Plaintiff] received 21 separate GAF scores . . . .  These opinions of [Plaintiff]'s functioning were not discussed or even mentioned at any point during the decision."  Pl.'s Br. (Doc. 13) at 8.  However, the ALJ's failure to mention Plaintiff's GAF scores does not require remand.

While it is true the ALJ did not mention Plaintiff's GAF scores, it is also true the Social Security Administration is not bound by such scores.  *Sanders v. Astrue*, 2013 WL 5411271, at *14 (N.D. Ala. Sept. 26, 2013) ("Failure to reference a GAF score is not,

standing alone, sufficient ground to reverse a disability determination." (citing *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002)); *Smith v. Comm'r of Soc. Sec.*, 2011 WL 6217110, at * 7 (M.D. Fla. Nov. 1, 2011) ("[T]he ALJ did not err by failing to include the GAF scores in his decision or by failing to state the weight he gave to each score."); *Bailey v. Astrue*, 2010 WL 3220302, at *9 (M.D. Fla. Aug. 13, 2010) ("The ALJ's failure to refer specifically to the GAF scores does not render the ALJ's decision unsupported by substantial evidence."). The Social Security regulations provide that GAF scores have no "direct correlation to the severity requirements of the mental disorder listings." *Wind v. Barnhart*, 133 F. App'x 684, 692 n.5 (11th Cir. 2005) (citing Fed. Reg. 50746, 50764-65 (Aug. 21, 2000)). Thus, a GAF score is not entitled to any specific weight and does not translate to a specific finding as to functional limitations. *Ward v. Astrue*, 2008 WL 1994978, at *3 (M.D. Fla. May 8, 2008).

Second, Plaintiff provides the range of GAF scores he received as evidence of his disability. Pl.'s Br. (Doc. 13) at 7-8. However, GAF scores by themselves are not determinative of disability. *Nichols v. Astrue*, 2012 WL 3638827, at *9 (N.D. Fla. Aug. 7, 2012) ("GAF scores are not a direct indication of an individual's disability status, but rather are only recognized as a tool to assist the ALJ in forming a decision."); *Bailey*, 2010 WL 3220302, at *8 ("'Standing alone, a low GAF Score does not necessarily evidence an impairment seriously interfering with a claimant's ability to work.'") (quoting *Lee v. Barnhart*, 117 F. App'x 674, 678 (10th Cir. 2004)).

9

Third, as Defendant responds, "[a]lthough the ALJ did not specifically refer to Plaintiff's GAF scores, the ALJ discussed the medical reports from Plaintiff's treating mental health professionals at South Central Alabama Mental Health Center . . . and explained in detail the weight given to the medical source opinions."  Def.'s Br. (Doc 16) at 12.  "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [a reviewing court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole."  *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (internal quotation omitted).

While the ALJ did not discuss the assignment of GAF scores, she did fully evaluate Plaintiff's mental impairments and thoroughly discuss the examinations of Plaintiff by Dr. Jordan and South Central Alabama Mental Health Center and the resulting medical opinions.  Tr. 17-18, 21-23.  As the ALJ notes, Dr. Jordan's opined that Plaintiff "ha[d] no limitations in his activities of daily living," "demonstrate[d] intact concentration abilities," and had a "generally intact long-term memory," and that Plaintiff's "ability to carry out and remember instructions of a simple, one-step nature" and "ability to respond well to coworkers, supervision, and everyday work pressures [are] not compromised."  *Id.*  The ALJ also discussed the medical evidence from South Central Alabama Mental Health, including the following:  Plaintiff's "bizarre" behavior, "depressed" mood, and "tangential" thought process during a September 2009 visit;

10

Plaintiff's "normal" behavior, "level" mood, and "goal[-]oriented" thought process during a November 2009 visit; Plaintiff's failure to take his medication as prescribed "for no reason other than he doesn't want to" at a December 2009 visit; and Plaintiff's treating source adding the diagnoses of psychotic disorder and mild mental retardation without "provid[ing] an explanation for this diagnosis" at a May 2010 visit. Tr. 21-22. Thus, while the ALJ did not discuss the GAF scores assigned to Plaintiff by Dr. Jordan and South Central Alabama Mental Health, the ALJ did fully consider and discuss the opinions of the physicians who assigned Plaintiff those GAF scores and explained the weight given to the medical source opinions.

The ALJ concluded Plaintiff was not disabled after considering all of the evidence on Plaintiff's alleged mental impairments and the medical record does not indicate that Plaintiff had any greater limitations than found by the ALJ. Thus, the ALJ's decision is supported by substantial evidence and the failure to refer specifically to the GAF scores does not provide "sufficient ground to reverse [the] disability determination." *Sanders*, 2013 WL 5411271, at *14.

> C. *Whether the VE's testimony conflict[ed] with the DOT requiring the ALJ to resolve the conflict as required by SSR 00-4p.*

Plaintiff argues that the Commissioner's decision should be reversed because the ALJ did not comply with SSR 00-4p when the ALJ failed to resolve a conflict between the VE's testimony and the DOT. Pl.'s Br. (Doc. 13) at 9. Specifically, Plaintiff asserts that "[t]he VE testified that an individual with the [RFC] to understand, remember and

11

carry out short, simple instructions could perform work as an industrial helper . . . and kitchen helper." *Id.* at 9-10.  The DOT states these two jobs "require ability to perform at a reasoning level of two."  *Id.*  This is a conflict, Plaintiff asserts, because "the DOT indicates that individuals limited to understanding, remembering and carrying out only simple, short instructions can only perform at the GED reasoning level of one." *Id.* at 12.  The court does not agree.

First, Plaintiff has not established that a conflict does, in fact, exist between the VE's testimony and the DOT.  As Defendant points out, "several courts have held that jobs with a reasoning level of two are consistent with an ability to perform simple, routine, repetitive tasks."  Def.'s Br. (Doc. 16) at 13.  "Most courts which have addressed this issue have held that the requirement of Reasoning Level 2 or 3 is not inconsistent with the ability to perform only simple tasks."  *Hurtado v. Astrue*, 2010 WL 1850261, at *11 (S.D. Fla. April 14, 2010) (citing *Miller v. Comm'r of Soc. Sec.*, 246 F. App'x 660 (11th Cir. 2007) (unpublished) (no remand where VE identified reasoning level 3 jobs for plaintiff who could do only simple, routine and repetitive work)); *see also Terry v. Astrue*, 580 F.3d 471 (7th Cir. 2009) (level 3 reasoning not inconsistent with plaintiff's ability to perform only simple work); *Lara v. Astrue*, 305 F. App'x 324 (9th Cir. 2008) (plaintiff able to perform simple repetitive tasks capable of doing work at reasoning level 2); *Renfrew v. Astrue*, 496 F.3d 918 (8th Cir. 2007) (reasoning level 3 not inconsistent with plaintiff's inability to do complex work); *Hackett v. Barnhart*, 395 F.3d 1168 (10th

Cir. 2005) ("level two reasoning appears more consistent with [p]laintiff's RFC" of "simple and routine work tasks"); *Money v. Barhart*, 91 F. App'x 210 (3d Cir. 2004) ("Working at reasoning level 2 would not contradict the mandate that her work be simple, routine and repetitive.").

Further, even if an actual conflict does exist, SSR 00-4p requires only that the ALJ resolve "**apparent** unresolved conflict." Social Security Rulings 00-4p (emphasis added). In *Leigh v. Commissioner of Social Security*, the claimant argued the existence of a conflict between the VE's testimony and the DOT based on a dispute over the reasoning level attached to "simple, routine, repetitive" instructions, as Plaintiff argues here. 496 F. App'x 973, 975 (11th Cir. 2012) (unpublished). The *Leigh* court found no *apparent* inconsistency between the VE's opinion and the DOT because "the ALJ asked the VE if there were any inconsistencies between his opinion and the DOT, and the VE responded that there were not" and the claimant "did not offer any evidence controverting the VE's opinion, nor did she object to the opinion." *Id.* In the present case, as in *Leigh*, the ALJ asked the VE at the hearing, "is your testimony today consistent with its shared occupational title?" to which the VE replied "Yes," and Plaintiff's counsel did not challenge or object to the opinion. Tr. 51. Thus, as in *Leigh*, there was no apparent conflict for the ALJ to resolve.

If no apparent conflict between the VE's testimony and the DOT are raised at the hearing, the ALJ is not required to address SSR 00-4p. *Gibson v. Astrue*, 2010 WL

13

3655857, at *15 (N.D. Ga. 2010). "[T]he ALJ need not independently corroborate the VE's testimony and should be able to rely on such testimony where no apparent conflict exists with the DOT." *Brijbag v. Astrue*, 2008 WL 276038, at *2 (M.D. Fla. Jan. 31, 2008) (citing *Donahue v. Barnhart*, 279 F.3d 441, 446-47 (7th Cir. 2002); *Martin v. Comm'r of Soc. Sec.*, 2006 WL 509393, at *4-5 (6th Cir. 2006) (unpublished); *Haas v. Barnhart*, 2004 WL 396982, at *5-6 (5th Cir. 2004) (unpublished); *Lembke v. Barnhart*, 2006 WL 3834104, at *14-15 (W.D. Wis. 2006)).

Lastly, the court finds the ALJ did not error by relying on the VE's testimony because, in the Eleventh Circuit, the VE's testimony trumps any inconsistent provisions of the DOT. *Jones v. Apfel*, 190 F.3d 1224, 1229-30 (11th Cir. 1994) ("[W]hen the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT."); *see also Leigh*, 496 F. App'x at 975; *Hurtado v. Comm'r of Soc. Sec.*, 425 F. App'x 793, 796 (11th Cir. 2011) (unpublished); *Jones v. Comm'r of Soc. Sec.*, 423 F. App'x 936, 939 & n.4 (11th Cir. 2011) (unpublished) ("Social Security Rulings are not binding on this court. To the extent SSR 00-4p conflicts with *Jones* [*v. Apfel*], we are bound by *Jones*." (internal citations omitted)); *Miller*, 246 F. App'x at 662 ("Our precedent establishes that the testimony of a [VE] 'trumps' an inconsistent provision of the DOT in this Circuit.").

## VI.   CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 20th day of December, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE